ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| CÉSAR CORDERO KRUGGER, <br><br> Recurrida, <br><br> v. <br><br> **ALAIN TIPHAINE GRAVES**; **BAT HOLDINGS**, **INC.,** EMPRESA A, B, C, <br><br> Peticionaria. | TA2025CE00633 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Aguadilla. <br><br> Civil núm.: AG2024CV01395. <br><br> Sobre: incumplimiento de contrato, daños extracontractuales, culpa *incontrahendo.* |

Panel integrado por su presidente, el juez Sánchez Ramos, la jueza Romero García y el juez Pérez Ocasio.

Romero García, jueza ponente.

RESOLUCIÓN

En San Juan, Puerto Rico, a 6 de noviembre de 2025.

El 17 de octubre de 2025, el señor Alain Tiphaine Graves y Bat Holdings, Inc. (peticionarios o señor Tiphaine o Bat), presentaron este recurso discrecional de *certiorari*, con el fin de que este Tribunal expida el auto y revoque la *Resolución* emitida por el Tribunal de Primera Instancia el 29 de julio de 2025, notificada en esa misma fecha. En ella, el foro primario declaró sin lugar la solicitud de desestimación instada por los peticionarios al amparo de la Regla 10.2(5) de Procedimiento Civil, 32 LPRA Ap. V; es decir, por la demanda dejar de exponer hechos que justifiquen la concesión de un remedio a favor de la parte demandante, aquí recurrida, señor César Cordero Krugger (señor Cordero).

El 29 de octubre de 2025, el señor Cordero compareció y se opuso a la petición del señor Tiphaine.

Evaluada la resolución objeto de revisión, así como las sendas posturas de las partes litigantes, este Tribunal deniega la expedición del auto.

I

Conforme surge de las alegaciones de la demanda, el origen de la controversia entre las partes litigantes comienza allá para octubre de 2021,

cuando los señores Cordero y Tiphaine presuntamente comenzaron conversaciones con el fin de llevar a cabo el desarrollo conjunto de un proyecto turístico de lujo[1]. El terreno de unas nueve (9) cuerdas ubica en el Municipio de Aguadilla y pertenece al señor Tiphaine o a Bat.

Conforme surge de las alegaciones de la demanda, luego de múltiples reuniones, estudios del terreno, inversión de tiempo y dinero en el desarrollo del concepto del proyecto, entre otros, el señor Tiphaine y la corporación que preside, Bat Holdings, Inc., se retiraron unilateralmente del proyecto en común[2]. Las conversaciones a tales efectos culminaron el 20 de julio de 2023.

El 8 de agosto de 2024, el señor Cordero instó la demanda[3], en la que imputó a la recurrente el incumplimiento del contrato; dolo en el incumplimiento; culpa *in contrahendo*; daños y perjuicios, que valoró en $400,000.00; y, los costos incurridos en la consecución del proyecto, que valoró en $100,000.00.

Luego de varios trámites, el 10 de marzo de 2025, los recurridos presentaron una solicitud de desestimación de la demanda. Arguyeron que los hechos expuestos en ella no justificaban la concesión de un remedio a favor de los recurridos, por lo que solicitaron su desestimación al amparo de la Regla 10.2(5) de Procedimiento Civil, 32 LPRA Ap. V.

El recurrido se opuso el 14 de abril de 2025.

Luego de réplicas y dúplicas, y tras celebrar una vista argumentativa el 21 de julio de 2025, el Tribunal de Primera Instancia dictó su *Resolución* el 29 de julio de 2025, en la que concluyó que las alegaciones de la demanda, analizadas de la manera más favorable para la parte demandante, aquí recurrida, sí era suficientes para sostener las causas de acción planteadas.

---

[1] Según las alegaciones de la demanda, se trataba de un concepto tipo *glamorous camping* o *glamping*; es decir, casetas de campaña de lujo. *Véase*, apéndice del recurso, entrada 1, SUMAC TA.

[2] La demanda **no** alega que hubiera mediado un contrato escrito suscrito entre las partes litigantes, aunque sí plantea la existencia de un acuerdo verbal.

[3] *Íd.*

Presentada oportunamente la solicitud de reconsideración de la resolución, y contando con la oposición de la parte recurrida, el tribunal la declaró sin lugar el 18 de septiembre de 2025.

Inconforme, el 17 de octubre de 2025, los recurridos presentaron este recurso discrecional de *certiorari*, en el que apuntaron el error cometido por el foro primario al adjudicar como suficientes las alegaciones de la demanda en cuanto al señor Tiphaine y en cuanto a Bat.

Cual mencionáramos previamente, el 29 de octubre de 2025, el señor Cordero presentó su oposición a la expedición del recurso.

II

Evaluada la resolución recurrida, el expediente del caso ante el foro primario[4], y las sendas posturas de las partes litigantes, este Tribunal concluye que los peticionarios no nos persuadieron de que el foro primario hubiese cometido error alguno, que justifique nuestra intervención. En su consecuencia, **denegamos la expedición del auto de *certiorari*[5]**.

Notifíquese.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[4] En particular, la demanda instada el 8 de agosto de 2024.

[5] *Véase*, Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, y la Regla 40 del Reglamento de este Tribunal de Apelaciones, 4 LPRA Ap. XXII-B.